UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLINT EDWARDS,<br><br>        Plaintiff,<br><br>    -against-<br><br>UNITED STATES OF AMERICA; DREW GIZZI; ROBERT JOHNSTEN; MICHAEL LEWIS; FRANK PENA; JOHN DOES 1-10,<br><br>        Defendants. | 20-CV-7371 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

  Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), alleging that Defendants violated his federal constitutional rights. By Order dated October 1, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

## I.  Discussion

### A.  Claims Against the United States

  The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States of America except where sovereign immunity has been waived.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

*See* 28 U.S.C. § 1346(b)(1).  But a plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim.  *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015).

Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination.  *See* 28 U.S.C. § 2675(a).  If no final written determination is made by the appropriate federal government entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court.  *See id.*  This requirement is jurisdictional and cannot be waived.  *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff does not allege any facts suggesting that he has filed an administrative claim under the FTCA with a federal government entity for damages.  Nor does he allege that he has subsequently received a final written determination before bringing this action, or that it has been more than six months since he has filed such an administrative claim.  The Court therefore dismisses Plaintiff's claims against the United States without prejudice to his filing an action asserting an FTCA claim against the United States after he has exhausted his administrative remedies.

B.  Addition of Court Security Officers Anthony Mercurio and Walter Cook

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").  Under Rule 21, courts have added an individual as a defendant in an action, though that individual is not named as a

2

defendant in the complaint, when the complaint alleges facts suggesting that he or she was involved in the underlying events. *See, e.g.*, *Barner v. NYC Dep't of Corrs.*, No. 20-CV-3978, 2020 WL 4207378, at *2 (S.D.N.Y. July 22, 2020); *Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909, 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff sues ten John Does whom Plaintiff alleges were involved in restraining him during the November 30, 2018 incident. The incident reports that Plaintiff attaches to the Complaint show that Court Security Officers Anthony Mercurio and Walter Cook were among those who "assisted the USMS personnel in gaining control of Edwards." (ECF No. 1, at 7.) The Court therefore construes the Complaint as asserting claims against Anthony Mercurio and Walter Cook and directs the Clerk of Court to amend the caption of this action to add as Defendants Anthony Mercurio and Walter Cook. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Mercurio and Cook may wish to assert.

C.  Service on Named Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (stating that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the Summonses and Complaint here until the Court reviewed the Complaint and ordered that Summonses be issued. The Court therefore extends the time to serve until 90 days after the date the Summonses are issued. If the Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Drew Gizzi, Robert Johnsten, Michael Lewis, Frank Pena, Anthony Mercurio, and Walter Cook through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (2) issue summonses; and (3) deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## II. Conclusion

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further directed to amend the caption of this Action to add as Defendants Anthony Mercurio and Walter Cook. *See* Fed. R. Civ. P. 21.

The Court dismisses Plaintiff's claims against the United States of America without prejudice to his filing an action asserting an FTCA claim against the United States after he has exhausted his administrative remedies.

4

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the addresses for Drew Gizzi, Robert Johnsten, Michael Lewis, Frank Pena, Anthony Mercurio, and Walter Cook; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue summonses; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 23, 2020
        White Plains, New York

                                    _____
                                           KENNETH M. KARAS
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Drew Gizzi, DUSM
   300 Quarropas Street
   White Plains, NY 10601

2. Robert Johnsten, DSO
   300 Quarropas Street
   White Plains, NY 10601

3. Michael Lewis, GEO Guard
   300 Quarropas Street
   White Plains, NY 10601

4. Frank Pena, CSO
   300 Quarropas Street
   White Plains, NY 10601

5. Anthony Mercurio, CSO
   300 Quarropas Street
   White Plains, NY 10601

6. Walter Cook, CSO
   300 Quarropas Street
   White Plains, NY 10601